IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CYNTHIA ANN RICKFORD,<br><br>Defendant. | CR-11-95-BLG-DWM-CSO-3<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

## I. Synopsis of Recommendation

An amended petition alleged that Defendant Cynthia Ann Rickford ("Rickford") violated her conditions of supervised release in multiple ways discussed in more detail below. Rickford's supervised release should be revoked, and she should be sentenced to 9 months imprisonment with 9 months supervised release to follow.

## II. Status

On February 2, 2012, Rickford pled guilty to Uttering Counterfeit Obligations and Securities. *ECF 54*. The Court sentenced Rickford to 4 months incarceration, 3 years of supervised release, a special

1

assessment of $100, and restitution of $1,795.  *ECF 68*.  Rickford began her first term of supervised release on May 21, 2012.  *ECF 90*.

Rickford's supervised release was revoked on July 17, 2012, due to her use of synthetic marijuana and methamphetamine, dilution of a urine sample, and failure to attend substance abuse treatment.  The Court sentenced Rickford to 9 months incarceration with 23 months supervised release to follow.  *ECF 105*.  Rickford began this second term of supervised release on December 14, 2012.  *ECF 135*.

On March 4, 2013, Judge Cebull modified her conditions to require that she reside in a residential reentry center for 6 months.  On August 30, 2013, she was terminated from that program after violating the rules.

On September 9, 2013, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision alleging one violation.  *ECF 135*.  Based on the petition, the undersigned issued a warrant for Rickford's arrest.  *ECF 136*.  The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations.

Rickford was arrested on September 9, 2013. She made an initial appearance before the undersigned on September 11, 2013, in Billings, Montana. That same day, the Court also conducted a hearing on whether Rickford's supervised release should be revoked. David Merchant represented Rickford. AUSA Ed Zink represented the United States. While Rickford admitted the single violation alleged, Mr. Merchant argued that the Court should not revoke Rickford's supervised release. Mr. Zink argued that Rickford's supervised release be revoked but that she should be sentenced on the low end of the guideline range. After hearing the arguments from counsel and statements made by Ms. Rickford, the Court took the matter under advisement.

On September 13, 2013, the Court continued the revocation hearing for six months, and released Rickford, conditioned on her full compliance with her existing conditions of supervised release. *ECF 143.* This action was taken because at that time Rickford was employed, had made arrangements for a place to live, and felt that she could show the Court that she would comply with her release

conditions.

**Amended Petition**

On November 25, 2013, the U.S. Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision alleging that Rickford violated:

(1) Modified Condition Number 1 by failing to notify the staff of Passages, her residential reentry center, of a medical prescription in violation of Passages' rules. As a result, Rickford was terminated from Passages;

(2) Special Condition Number 1 and Standard Condition Number 7 by submitting a urinalysis test that tested positive for Oxycodone and was also found to have been diluted;

(3) Special Condition Number 6 by consuming alcohol;

(4) Special Condition Number 1 by failing to report for a random urinalysis test; and

(5) Special Condition Number 9 by testing positive for K2 Spice.

*ECF 144.*

**Revocation Hearing**

On December 6, 2013, the undersigned conducted a hearing on whether Rickford's supervised release should be revoked. Mr. Merchant again represented Rickford. Assistant U.S. Attorney Jessica Fehr represented the United States. The undersigned explained the Findings and Recommendations procedure to Rickford, including her right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right.

In addition, Rickford, her counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging her understanding of the Findings and Recommendations procedure and consenting thereto.

Rickford admitted each violation alleged in the Amended Petition. The undersigned accepted her admissions, determined that her supervised release should be revoked, and proceeded to consider sentencing recommendations. The undersigned calculated that Rickford's violation grade is C, her criminal history category is I, and

the underlying offense is a class C felony.  The United States Sentencing Guidelines call for 3 to 9 months incarceration.  Rickford could be sentenced to a term of not more than 3 years of supervised release, less any incarceration time imposed.  Ms. Fehr and Mr. Merchant agreed with those calculations.

Ms. Fehr recommended that Rickford be sentenced to the statutory maximum 15 months custody with no supervision to follow.  Ms. Fehr argued that Rickford has demonstrated that she is not amenable to further supervision, and that based on the fact that this is her second revocation that is again linked to drug use, the maximum custody term statutorily allowable is appropriate.

Mr. Merchant recommended a custody term of 7 months.  Mr. Merchant argued that Rickford was doing quite well until she lost her employment, through no fault of her own, which resulted in a downward spiral for her.  He argued that 15 months incarceration is an inappropriately long custody term, and would have significant damaging effects on Rickford's other personal obligations.  Mr. Merchant stated that Rickford is currently pregnant and due to give

6

birth in August, and therefore requests a custody term that will expire before she is due to give birth. He also requested that, if the Court imposed a longer custody sentence, Rickford be placed at FCI Phoenix so that she could be placed in the Mothers and Infants Nurturing Together ("MINT") program to help her care for her baby. Finally, Mr. Merchant stated that because it appears no inpatient substance abuse treatment is currently available, the Court should not impose a term of supervised release.

Rickford addressed the Court. She stated that she has been an addict since she was 16, and has never had a chance to be in substance abuse treatment. She stated that while she has experienced improvement in this regard, she wants the chance to go through a long-term treatment program so that she may cure her addiction. She requested that the Court impose the 7 month custody term so that her unborn child's father could be present when she gives birth, and stated that she has family in town that can help her.

### III. Analysis

Based on Rickford's admitted violation of her conditions of

supervised release, her supervised release should be revoked. The violations are troubling not only because they are breaches of the Court's trust, but also because of the multiple attempts made by Rickford's supervising officer to impart upon her the seriousness of her noncompliance and the consequences that likely would result with repeated failures to comply. Rickford received a substantial break from this Court when her revocation hearing was first convened in September; her subsequent multiple violations in a relatively short amount of time indicate that a sentence on the high end of the guideline range is appropriate. Furthermore, a custody term lasting the duration of Rickford's pregnancy appears to be in the best interest of her, her unborn child, and the public.

Rickford should be sentenced to 9 months incarceration, with 9 months supervised release to follow. The Court also recommends that Rickford be placed at FCI Phoenix so that she may take advantage of the MINT program to assist with her pregnancy.

## IV. Conclusion

The undersigned advised Rickford that the above sentence would

be recommended to Judge Molloy, and reminded her that she has the right to appear and allocute before Judge Molloy. The undersigned instructed Rickford that she may object to these Findings and Recommendations within 14 days of their issuance, and must do so if she wishes to preserve her right to allocute before Judge Molloy.

The Court makes the following **FINDINGS**. Rickford violated:

1. Modified Condition Number 1 by failing to reside in a Residential Reentry Center after she was terminated from the Passages Women's Center.

2. Special Condition Number 1 and Standard Condition Number 7 by submitting a urinalysis test that tested positive for Oxycodone and was also found to have been diluted;

3. Special Condition Number 6 by consuming alcohol;

4. Special Condition Number 1 by failing to report for a random urinalysis test; and

5. Special Condition Number 9 by testing positive for K2 Spice.

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Rickford's supervised release and commit Rickford to the custody of the United States Bureau of Prisons for a term of imprisonment of 9 months, with 9 months supervised release to follow.

2. The District Court should recommend that Rickford be placed at FCI Phoenix so that she may take advantage of the MINT program to assist with her pregnancy.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 6th day of December, 2013.

    /s/ Carolyn S. Ostby
United States Magistrate Judge